# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

PAUL PHILLIPS,                )
                              )
            Plaintiff,        )
                              )
vs.                           )   No.
                              )
ENGINEERED FLOORS, LLC,       )
                              )
            Defendant.        )

## COMPLAINT

Plaintiff files this Complaint against Defendant for violations of the Family and Medical Leave Act of 1993, as amended (FMLA), and alleges the following:

## Jurisdiction and Parties

1.   The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2.   Defendant is a Georgia limited liability company that has a facility located at 1025 Enterprise Drive, Dalton, GA 30721.  Its registered agent for service of process in Georgia is Bennie M. Laughter, 115 W. King Street, Dalton, GA, 30720.

## Facts

3. Plaintiff was employed by Defendant as an operator at its facility in Dalton, Georgia from approximately October 20, 2010 through August 12, 2020.

4. Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2019 and in 2020.

5. Defendant employed more than 50 employees within a 75-mile radius of Plaintiff's worksite.

6. Plaintiff had well over 1,250 hours of service with Defendant during the 12-month period before he requested leave in July of 2020.

7. On approximately July 1, 2020, Plaintiff went to work and noticed he was having symptoms of a sinus infection that were getting progressively worse throughout the day. After work he went to Park Ridge Medical Center where he was given a Covid-19 test. The doctor also gave him a steroid shot and a prescription for steroids to be continued at home. Plaintiff was ordered to quarantine in his home for at least 14 days.

8. On July 4, 2020, Plaintiff returned to the hospital as his symptoms worsened. Soon after Plaintiff arrived at the hospital, a doctor informed him that his Covid-19 test results were positive. The doctor instructed plaintiff to continue his steroid treatment and to quarantine at home for 14 days.

9. On Monday, July 6, 2020, Plaintiff called to inform Defendant about his condition and that he would absent from work. When he called, Defendant put Plaintiff in contact with a nurse who was working at Defendant's plant in their Covid-19 office. She advised Plaintiff to quarantine before returning to work.

10. On July 20, 2020, Plaintiff received a call from his supervisor, Guy Abernathy. Abernathy told him it was time to return to work. Plaintiff informed Abernathy that he was still having symptoms and would have to continue his quarantine until he was cleared to return to work by his doctor.

11. On July 23, 2020, Plaintiff went to a Covid-19 testing site at Brainerd High school in Chattanooga to receive another test.

12. On July 30, 2020, Plaintiff received positive test results and was advised to quarantine for 14 days. Plaintiff sent an email to an employee in Defendant's human resources department with the documentation of his positive test results.

13. On August 12, 2020, Plaintiff called Defendant's human resources department to discuss when he would return to work. The employee in human resources told Plaintiff he had been terminated.

14. Defendant never provided Plaintiff with a written FMLA eligibility notice, a notice of rights and responsibilities, or a designation notice.

15. If Defendant had not terminated Plaintiff's employment, he would have continued to work in his position as an operator after taking the leave to which he was entitled under the FMLA.

16. Plaintiff has sustained and continues to sustain lost wages/income and lost benefits as a result of Defendant's termination of his employment.

## Defendants' Violations of the FMLA

A. **FMLA Coverage and Eligibility**

17. Defendant was a covered employer of Plaintiff as defined by 29 U.S.C. § 2611(4)(A) (i) and (ii) and 29 CFR 825.104(a) and (d).

18. Pursuant to 29 U.S.C. § 2611(2), Plaintiff was an eligible employee under the FMLA.

19. Plaintiff had a serious medical condition as defined by 29 U.S.C. § 2611(11).

20. Pursuant to 29 U.S.C. §§ 2612(a)(1)(C) and (D) and 2614(a)(1), Plaintiff was entitled to FMLA leave of up to 12 weeks for his medical condition, and he was entitled to be restored to the same or an equivalent position after he returned from FMLA leave.

B. **Count 1—Interference with Plaintiff's Exercise of FMLA Rights**

21. Defendant terminated Plaintiff's employment in order to prevent

Plaintiff from taking FMLA leave.

22. By terminating Plaintiff's employment, Defendant unlawfully interfered with, restrained, and/or denied the exercise of or the attempt to exercise Plaintiff's FMLA rights, in violation of 29 U.S.C. § 2615(a)(1).

23. Defendants violated 29 C.F.R. § 825.300(b) by failing to provide Plaintiff with a written eligibility notice as required by the regulation.

24. Defendants violated 29 C.F.R. § 825.300(c) by failing to provide Plaintiff with a written FMLA rights and responsibilities notice as required by the regulation.

25. Defendants violated 29 C.F.R. § 825.300(d) by failing to provide Plaintiff with a written FMLA designation notice as required by the regulation.

26. Pursuant to 29 C.F.R. § 825.300(e), Defendants' failure to follow the notice requirements set forth in 29 C.F.R. § 825.300 (b)-(d) constituted interference with, restraint of, and denial of Plaintiff's FMLA rights in violation of 29 U.S.C. § 2615(a)(1).

27. As a result of Plaintiff's violation of 29 U.S.C. § 2615(a)(1), Plaintiff has sustained and continues to sustain lost wages/income and lost benefits.

C. **Count 2—Retaliation in Response to Plaintiff's Exercise of FMLA Rights**

28. By taking leave due to his medical condition, Plaintiff engaged in

protected activity under the FMLA.

29. Defendant terminated Plaintiff's employment in retaliation for him taking leave for his medical condition.

30. By terminating Plaintiff's employment, Defendant unlawfully discharged Plaintiff in violation of 29 U.S.C. § 2615(a)(2).

31. As a result of Plaintiff's violation of 29 U.S.C. § 2615(a)(2), Plaintiff has sustained and continues to sustain lost wages/income and lost benefits.

### D. Plaintiff's Entitlement to Recover Damages Under the FMLA

32. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(i), Plaintiff is entitled to recover lost wages and lost employment benefits.

33. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii), Plaintiff is entitled to recover interest.

34. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to recover liquidated damages.

35. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover attorney's fees, expert fees, and costs.

### Prayer for Relief

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a) back pay;

(b) front pay;

(c) loss of benefits;

(d) interest;

(e) liquidated damages;

(f) expert fees;

(g) attorneys' fees and costs; and

(h) all further legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., (GA 387630)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

John McCown, GA Bar (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff